**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:11-CV-524-MOC-DSC**

| | |
|---|---|
| FINLAND FAIR, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | )  **MEMORANDUM AND RECOMMENDATION** |
| | ) |
| GASTON COUNTY FAMILY YMCA, | ) |
| DEBBIE BROWN, and TONY SIGMON, | ) |
| | ) |
|       Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Pursuant to Rules 12(b)(6) and 12(b)(1)," Doc. 12, filed on April 12, 2012. On May 2, 2012, the Court issued an Order, Doc.13, advising Plaintiff that he had until May 21, 2012 to respond to the Motion to Dismiss. On May 16, 2012, Plaintiff requested and was granted an extension of time to file his response. On June 4, 2012, Plaintiff timely filed "Plaintiff's Response to Defendants' Motion to Dismiss and Memorandum in Support," Doc. 16. Defendants' "Reply in Support of Defendants' Motion to Dismiss Pursuant to Rules 12(b)(6) & 12(b)(1)," Doc. 17, was filed on June 6, 2012. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for the Court's consideration.

At the outset the Court notes that Defendants' counsel has raised the issue of whether *pro se* Plaintiff's response brief has been "ghostwritten" by an attorney. The Court admonishes Plaintiff that it does not condone the ghostwriting of pleadings for parties purporting to appear *pro se*. "Ghostwriting legal documents '(1) unfairly exploits the Fourth Circuit's mandate that the pleadings of pro se parties be held to a less stringent standard than pleadings drafted by lawyers, (2) effectively

nullifies the certification requirement of Rule 11 of the Federal Rules of Civil Procedure,'" and (3) circumvents the appearance and withdrawal requirements of Local Rule 83.1 of the Western District of North Carolina. Bittle v. Elec. Ry. Imp. Co., 576 F.Supp.2d 744, 755 n. 9 (M.D.N.C.2008) (quoting Laremont–Lopez v. Se. Tidewater Opportunity Project, 968 F.Supp. 1075, 1078 (E.D.Va.1997)). The Court further warns any attorney providing ghostwriting assistance that it constitutes unethical conduct. Davis v. Back, No. 3:09–cv–557, 2010 WL 1779982, at *13 (E.D.Va. Apr. 29, 2010); see also Anderson v. Duke Energy Corp., No. 3:06–cv–399, 2007 WL 4284904, at *1 n. 1 (W.D.N.C. Dec. 4, 2007) (Reidinger, J.). This matter is subject to further inquiry if the Court deems it appropriate as the case proceeds.

With regard to the merits of the Motion, having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Complaint as true, as we must at this early stage in the proceeding, Plaintiff Finland Fair ("Plaintiff") is an African American male. Plaintiff was employed as a bus driver for the Central YMCA Afterschool Program at Defendant Gaston County Family YMCA ("YMCA") from January 3, 2003 to February 25, 2010 when he was terminated for leaving a child on a YMCA vehicle at the end of his shift. Plaintiff alleges that he performed in an exemplary and professional manner with no infractions or complaints until the alleged incident occurred on February 23, 2010.

Following his termination, on March 15, 2010, Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination in violation of Title VII on the basis of race and sex. Doc. 1 at 6 and Doc. 12 at Ex. A. Plaintiff's EEOC Charge did not

2

include charges for discrimination on the basis of color or retaliation. On July 21, 2011, the EEOC issued Plaintiff a Letter of Dismissal and Notice of Rights informing him of his right to sue. Doc. 1 at 7. On October 20, 2011, Plaintiff filed this action asserting claims against Defendants YMCA, Debbie Brown and Tony Sigmon for Title VII discrimination on the basis of race, color, sex and retaliation. Id. at 1-4.

On April 12, 2012, Defendants filed their Motion to Dismiss, Doc. 12. Defendants argue that the individual Defendants must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Title VII only provides for relief against an employer and not individuals. Additionally, Defendants also move for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Plaintiff failed to exhaust his administrative remedies with regard to his Title VII discrimination claims on the basis of color and retaliation. The Motion to Dismiss has been fully briefed and is now ripe for review.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1) Standard

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional

3

facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

B. **Rule 12(b)(6) Standard**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554-55) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

4

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

Applying these principles in Iqbal to the plaintiff's allegation that the defendants had adopted a discriminatory policy permitting "restrictive conditions of confinement" for post-September 11 detainees, the Supreme Court held "the complaint does not show, or even intimate, that petitioners purposefully housed detainees in [restrictive conditions] due to their race, religion or national origin." Iqbal, 129 S. Ct. at 1952. Accordingly, dismissal was appropriate. Id.

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...."

Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003). In light of these cases, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

### III. DISCUSSION OF CLAIMS

**A. Title VII Claims Against Individual Defendants**

Taking the limited allegations of the *pro se* Complaint as true and construing every inference therefrom in Plaintiff's favor, his Title VII claims against the individual Defendants must be dismissed. The Fourth Circuit has consistently held that employees, even supervisors, are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.") Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

The Fourth Court has stated that:

Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.

Lissau, 159 F.3d at 181.

Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss Plaintiff's Title VII discrimination claims against individual Defendants Debbie Brown and Tony Sigmon be granted.

**B. Title VII Claims on Basis of Color and Retaliation**

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir.2002). It is well settled that the scope of Plaintiff's EEOC charge defines the scope of any ensuing lawsuit. Id. (citing Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)). The Fourth Circuit has held that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir.1996). Claims that fall outside of the scope of the EEOC charge are procedurally barred. Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir.1995). The exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible. Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005).

Plaintiff admits in his Response that he only filed charges for discrimination based on "race and gender discrimination under Title VII" with the EEOC. Doc. 17 at 2. Plaintiff did not raise the issue of color or retaliation discrimination anywhere in his EEOC Charge. He did not check the box labeled "color" or "retaliation." In the "Particulars" section of the Charge narrative, he specifically stated that "I believe I have been discriminated against based on race and sex (Black/Male), in violation of Title VII of the Civil Rights Act of 1964, as amended." Doc. 12 at 2. The Court finds

7

that Plaintiff failed to exhaust his administrative remedies with respect to Title VII claims on the basis of color and retaliation, and therefore the Court lacks jurisdiction. See, e.g., Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir.2005)("[T]he plaintiff's claim generally will be barred if his charge alleges discrimination on one basis-such as race-and he introduces another basis in formal litigation-such as sex."); Miles, 429 F.3d at 491 (holding plaintiff failed to exhaust her administrative remedies because neither defendant employer nor the EEOC would have been put on notice of a retaliation claim because of the deficiencies in the plaintiff's EEOC charge); Evans, 80 F.3d at 963 (dismissing age discrimination charge where EEOC charge only alleged sex discrimination, holding that "age discrimination does not necessarily flow from sex discrimination and vice versa"). Therefore, the undersigned respectfully recommends that Defendants' Motions to Dismiss with respect to Plaintiff's Title VII discrimination claims on the basis of color and retaliation be granted.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that on "Defendants' Motion to Dismiss Pursuant to Rules 12(b)(6) and 12(b)(1)," Doc. 12, be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** with regard to all claims against individual Defendants Debbie Brown and Tony Sigmon and with regard to the Title VII discrimination claims on the basis of color and retaliation against Defendant Gaston County Family YMCA. Plaintiff's Title VII discrimination claims on the basis of race and gender against Defendant Gaston County YMCA will remain.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections

to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED.**

Signed: June 12, 2012

_____
David S. Cayer
United States Magistrate Judge