IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv524

| | |
|---|---|
| **FINLAND FAIR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **GASTON COUNTY FAMILY YMCA;** ) | |
| **DEBBIE BROWN; and TONY SIGMON,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter by Honorable David S. Cayer, United States Magistrate Judge. In the Memorandum and Recommendation, Judge Cayer advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed by plaintiff, who is proceeding *pro se*.[1] On July 11, 2012, defendants filed their Response to plaintiff's Objections. See Response (#20).

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not

---

[1] The court notes plaintiff's objections to the magistrate judge's concerns as to whether plaintiff is proceeding *pro se.* In response, plaintiff appears to represent that he is not being assisted by counsel. The court will take plaintiff's word and treat his pleadings as those of a *pro se* litigant.

-1-

required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

**I.    First Objection**

Plaintiff's first objection is to Judge Cayer's determination that plaintiff has improperly sued his supervisors in addition to suing his former employer under Title VII. Plaintiff argues that these supervisory employees should remain in his lawsuit because they were the ones who actually decided to terminate his employment. Despite such objection, Judge Cayer's determination that supervisory employees cannot be held liable in their individual capacities under Title VII is wholly consistent with current case law.

It is undisputed that Gaston County Family YMCA was plaintiff's employer. Because an individual supervisor cannot be held liable as an "employer" under Title VII, Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998), the claims against Ms. Brown and Mr. Sigmon will be dismissed. Plaintiff is advised that such dismissal from this lawsuit does not mean that the door to discovery is closed as to such former defendants. Insofar as such former defendants may have been decision makers as plaintiff alleges, it would be necessary for plaintiff to depose and take other discovery as to such witnesses once discovery opens.

**II.    Second Objection**

In plaintiff's next objection, he contends that as a lay person, he did not know to check

-2-

Case 3:11-cv-00524-MOC-DSC   Document 21   Filed 07/24/12   Page 2 of 5

the "color" and "retaliation" boxes on his administrative claim filed with the EEOC. Judge Cayer has recommended that those claims (but not plaintiff's Title VII claims based on race and gender which he did fairly raise before the EEOC) be dismissed with prejudice. Plaintiff also objects to the proposed dismissal being with prejudice "for it would not allow Plaintiff to re-file an Amended Complaint identical to the case already before the court." Objections (#19), at 3.

As to plaintiff's objection to dismissal of unexhausted claims, the court finds Judge Cayer's recommendation to be wholly consistent with current case law. Clearly, plaintiff did not administratively allege any claim based on color or retaliation. Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124 (4th Cir. 2002). Thus, those particular claims will be dismissed in accordance with Rule 12(b)(1) as a district court lacks subject matter jurisdiction over unexhausted Title VII claims.

Finally, plaintiff has challenged the recommended dismissal of his unexhausted claims *with* prejudice. Rule 41(b) provides in relevant part that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . *except one for lack of jurisdiction* . . . operates as an adjudication on the merits." Fed.R.Civ.P. 41(b)(emphasis added). As other courts have found,

> [d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case. *See Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir.2005). It is true that, in rare cases where a district court lacks jurisdiction, the court may dismiss a claim with prejudice "as a sanction for misconduct." *Id.* But there was no finding of misconduct here.

Revere v. Wilmington Finance, 406 Fed.Appx. 936, 937 (6th Cir. 2011). There is no misconduct

in this case as plaintiff's bringing of such claims appears to have been without harmful intent. The court will, therefore, sustain that objection, and provide that such dismissal of the Title VII claims for "color" and "retaliation" be without prejudice. Plaintiff is advised, however, that he cannot simply "refile" an Amended Complaint and re-allege such claims unless he can show in a Motion to Amend that those discrimination claims were in fact stated in the initial charge, were reasonably related to the original claim, or were claims that were developed by reasonable investigation of the original claim. Evans v. Techs. Applications & Serv. Co., supra.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) after *de novo* review, plaintiff's objections are, except as to his Rule 41(b) objection, **OVERRULED**;

(2) Judge Cayer's Memorandum and Recommendation is **ACCEPTED** and adopted herein in its entirety, except as to the dismissal of unexhausted claims being *with* prejudice;

    (A) defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(b)(1) (#12) is **GRANTED;**

    (B) the claims against Defendants Brown and Sigmon are, in accordance with Rule 12(b)(6), **DISMISSED WITH PREJUDICE;** and

    (C) plaintiff's Title VII claims based on "color" and "retaliation" are, in accordance with Rule 12(b)(1) and Rule 41(b), **DISMISSED WITHOUT PREJUDICE**.

Signed: July 23, 2012

Max O. Cogburn Jr.
United States District Judge